UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANKS, JR., | ) Civil No. 09cv1197-L(POR) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | ) |
| HOMEQ SERVICING, *et al.*, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se*, seeks to rescind a mortgage, recover damages and receive injunctive and declaratory relief. Defendant HomEq Servicing ("HomEq") removed this action from state court based on federal question jurisdiction and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition. For the reasons which follow, HomEq's motion is **GRANTED WITH LEAVE TO AMEND**.

Plaintiff alleges that he owned a real property at 8525 Park Run Drive in San Diego, California ("Property"). In December 2005 he executed an Adjustable Rate Note promising to pay New Century Mortgage ("New Century") $544,000. The note was secured by a Deed of Trust on the Property. (HomEq Notice of Lodgment Ex. 1.)[1] HomEq was the servicer on the

---

[1] A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

loan. (*See id*. Ex. 4.) On December 4, 2008 a notice of default was recorded. (*Id*.) On March 30, 2009 the Property was foreclosed. (*Id*. Ex. 8.) Plaintiff alleges that New Century and HomEq violated the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"), the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602, 1604, 1610, 1639-1641 & 1647-1648 ("HOEPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"). He also asserts state law claims for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, injunctive relief and declaratory relief.

HomEq moves to dismiss all causes of action for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

HomEq argues that the first cause of action for TILA violations is time barred. The applicable statute of limitations for a claim for damages under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable

tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Because the transaction was consummated in December 2005 and this action was filed on or about April 7, 2009, the statute of limitations has long expired. Plaintiff has not provided any allegations in support of equitable tolling and has not filed an opposition. The court therefore has no basis to conclude that there are grounds for equitable tolling for a sufficient period of time to make this action timely.

To the extent Plaintiff requests rescission under TILA, the statute of limitations has also expired. Pursuant to 15 U.S.C. Section 1635(f), "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . .." The statute of limitations expired in December 2008. Based on the foregoing, Plaintiff's TILA claim is dismissed.

Plaintiff's second cause of action alleges that Defendants violated RESPA in part by placing loans for purpose of unlawfully increasing loan spread and other fees. (Compl. at 6.) This claim appears to be brought under 12 U.S.C. Sections 2607 (Prohibition against kickbacks and unearned fees) and is time barred. RESPA provides a one-year statute of limitations for section 2607 claims, which begins to run on "the date of the occurrence of the violation." 12 U.S.C. § 2614. "The date of the occurrence" is interpreted to refer to the closing. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). The loan transaction between HomEq and Plaintiff closed in December 2005. Accordingly, to the extent the RESPA claim is based on section 2607, it is barred by the statute of limitations and dismissed.

Plaintiff also alleges that Defendants violated 12 U.S.C. Section 2605(b) because they transferred the servicing contract or duties without the requisite notice. Section 2605(b) requires a mortgage servicer to "notify the borrower of assignment, sale or transfer of the servicing of the loan to any other person." 12 U.S.C. 2605(b)(1).[2]  Plaintiff does not allege sufficient facts in

---

[2] The statute of limitations for section 2605 violations is three years. 12 U.S.C. § 2614.

support of this claim to meet the notice pleading requirements of Rule 8(a) of Federal Rules of Civil Procedure. Although Rule 8 does not require that the complaint include all facts necessary to carry the plaintiff's burden, it must allege plausible grounds to infer the existence of a claim for relief. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009). This calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to prove that claim. *Id*. Plaintiff's complaint falls short of this requirement because it does not allege whether loan servicing was transferred to or by HomEq. Accordingly, Plaintiff's RESPA claim under section 2605 is dismissed.

HomEq maintains that the third cause of action based on HOEPA violations is time barred. TILA's one-year statute of limitations set forth in 15 U.S.C. 1640(e) applies to this claim. It runs from the date of consummation of the transaction unless Plaintiff shows that equitable tolling suspends the limitations period until he discovered or had reasonable opportunity to discover the fraud or nondisclosure that forms the basis of the claim. *King*, 784 F.2d at 915. The HOEPA claim is based on the allegation that the loan was placed without regard to Plaintiff's income or cash flow and with intent to induce default. (Compl. at 7.) Plaintiff alleges that he "became aware of this upon discovery of Defendants [*sic*] intent to wrongfully foreclose and sell his property." (*Id*.) Plaintiff does not specify what role HomEq played in placing the loan or in the foreclosure sale, given that HomEq is a loan servicer and not a lender or broker. In addition, he does not provide any facts to explain his discovery of the alleged violation some three years after the loan closed and a substantial time after he stopped making payments. The notice of default filed December 4, 2008 reflects Plaintiff was $34,761.21 in default as of that time. (HomEq Notice of Lodgment Ex. 4.) To the extent Plaintiff claims that his discovery of the violation was delayed because he was defrauded or misled by Defendants, he must allege the circumstances constituting fraud with particularity required by Federal Rule of Civil Procedure 9(b) and all remaining facts as required by Rule 8(a). Accordingly, the HOEPA claim is time barred because Plaintiff fails to allege sufficient facts to support equitable tolling. HomEq's motion to dismiss the third cause of action is granted.

Plaintiff's fourth cause of action for FDCPA violations alleges that Defendants are debt collectors who requested validation of the debt but did not "respond to [Plaintiff's] demands in such a way as to meet the requirements of the act." (Compl. at 8.) HomEq maintains that this claim should be dismissed because it is not a debt collector under FDCPA. FDCPA exempts from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Plaintiff does not allege, and it is not clear from HomEq's exhibits, whether it became the mortgage servicer on Plaintiff's mortgage before or after Plaintiff defaulted. It is therefore not clear whether FDCPA applies in this case at all. Furthermore, Plaintiff alleges that HomEq violated the debt validation procedure set forth at 15 U.S.C. Section 1692g by not "respond[ing] to his demands." Plaintiff does not allege sufficient facts to meet the notice pleading requirements of Rule 8(a) because he does not allege sufficient facts regarding HomEq's status as a debt collector under 15 U.S.C. Section 1692a(6). In addition, he does not explain what demands he made and what HomEq did that failed to comply with the requirements of 15 U.S.C. Section 1692g. Accordingly, Plaintiff's FDCPA claim is dismissed.

HomEq moves to dismiss the fifth cause of action which alleges that Defendants breached their fiduciary duty because they acted for their own benefit in negotiating the loan and continued to act for their own benefit. (Compl. at 8-9.) Plaintiff does not allege HomEq's role in loan negotiations. Given that HomEq is a loan servicer, it appears implausible that it played any role in the negotiations at all. Furthermore, a creditor does not owe a fiduciary duty to a debtor. *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989). Plaintiff does not allege any facts to support the legal conclusion that a fiduciary duty exists between him as the debtor and HomEq as the loan servicer. Plaintiff has therefore failed to allege sufficient facts to meet the notice pleading requirements of Rule 8(a). Accordingly, the breach of fiduciary duty claim is dismissed.

In the sixth cause of action Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing because they failed to "safeguard, protect, or otherwise

care for the assets and rights of Plaintiff." (Compl. at 9-10.)  This theory of liability appears to be based on the existence of a fiduciary duty between Plaintiff and Defendants, and is dismissed for the same reasons the fifth cause of action is dismissed.

Plaintiff also alleges that Defendants breached the covenant because they commenced foreclosure proceedings against Plaintiff's Property.  (Compl. at 9-10.)  However, an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract, *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 374 (1992), and does not impose an affirmative duty on a party to forbear from enforcing rights expressly given under the contract, *Price*, 213 Cal. App. 3d at 479.  Foreclosing on a security interest pursuant to a contractual right generally does not constitute a breach of the implied covenant of good faith and fair dealing.  *See Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44 (2002).  Accordingly, HomEq's motion to dismiss the sixth cause of action is granted.

In the seventh cause of action for injunctive relief and eighth cause of action for declaratory relief Plaintiff seeks a determination of the Property ownership and a declaration regarding the legal status and validity of the loan and deed of trust.  Plaintiff does not allege any additional facts in support of these causes of action, but incorporates by reference all the preceding claims. (Compl. at 10-11.)  They are therefore derivative of the remaining causes of action.  HomEq's motion to dismiss the seventh and eighth causes of action is granted because all the remaining claims have been dismissed.

Based on the foregoing, HomEq's motion is **GRANTED**.  Plaintiff did not request leave to amend if the motion to dismiss is granted.  Nevertheless, the court must consider whether a motion to dismiss should be granted with leave to amend.  *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Rule 15 advises the court that leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).  Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could
/ / / / /

not be saved by amendment. *Id.* at 1052. Accordingly, Plaintiff is **GRANTED LEAVE TO AMEND**.

If Plaintiff chooses to amend pursuant to this order, the amended complaint must be complete in itself without reference to the superseded pleading. *See* Civil Local Rule 15.1. Defendants not named and claims not re-alleged in the amended complaint may be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant HomEq Servicing's motion to dismiss Plaintiff's complaint is **GRANTED WITH LEAVE TO AMEND**.

2. If Plaintiff chooses to file an amended complaint, he must file and serve it no later than **April 7, 2010**. Defendants shall file and serve any response to the amended complaint within the time set in Rule 15(a)(3).

**IT IS SO ORDERED**.

DATED: March 18, 2010

_____
M. James Lorenz
United States District Court Judge